## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY G. BROWN,<br>      Plaintiff | )<br>)  C.A. No. 12-80 Erie |
| v. | )<br>)<br>)  Magistrate Judge Baxter |
| CRAWFORD COUNTY, et al.,<br>      Defendants. | )<br>) |

# OPINION AND ORDER[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.  INTRODUCTION

### A.  Relevant Procedural and Factual History

On March 19, 2012, Plaintiff Gregory G. Brown, a prisoner formerly incarcerated[2] at the Crawford County Correctional Facility in Saegertown, Pennsylvania ("CCCF"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are: Crawford County; CCCF; Tim L. Lewis, Warden at CCCF ("Lewis"); Ken Saulsbery, Deputy Warden at CCCF ("Saulsbery"); and the following corrections officers at CCCF: Lt. Mark Minore ("Minore"), Lt. Dorain Denman ("Denman"), Officer Chad Stininger ("Stininger"), Officer Chad Jordan ("Jordan"), Officer Mike McElhaney ("McElhaney"), Officer Ted Chechak ("Chechak"), Officer Mike Grimaldi ("Grimaldi"), Officer Fred Field ("Field"), Officer Cheryl Unger ("Unger"),

---

[1] The parties have consented to the United States Magistrate Judge's exercise of jurisdiction over this matter. [ECF Nos. 5, 6].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. (ECF No. 1, Complaint, ¶ 1).

1

Officer Justin Moore ("Moore"), Officer Renae Slater ("Slater"), and Officer Kyle Williams ("Williams").

Plaintiff alleges that on October 13, 2010, while incarcerated at CCCF, he was involved in an altercation with corrections officer Gary Chapin ("Chapin"), during which both he and Chapin fell to the ground. Chapin struck his head on the floor and was rendered unconscious while having a seizure. (ECF No. 1, Complaint, at ¶¶ 12-13).[3] Plaintiff alleges that he "got to his feet and stated to the lieutenant present 'I don't know what you want me to do' and then immediately placed his hands behind his back in supplication and leaned against the counter." (Id. at ¶ 14). At that time, Plaintiff alleges that Defendant Minore and "several guards present" forcefully threw him to the ground, cuffed his wrists and ankles, and then "subjected [him] to a course of severe physical assault and battery in the nature of the guards twisting his wrists and ankles, punching the Plaintiff about the face and torso, [and] striking his head against the floor until it began bleeding." (Id. at ¶¶ 15-17). Plaintiff claims that he was then carried upside down by the handcuffs to an observation cell where he was strapped into a restraint chair. (Id, at ¶ 18). After Plaintiff was strapped in the restraint chair, the guards allegedly took turns punching him in the face and struck him in the nose with a large book. (Id. at ¶ 19). As a result of the guards' alleged assault, Plaintiff allegedly suffered multiple injuries to his head, face, back, ribs, wrists and ankles. (Id. at ¶ 26).

Plaintiff claims that the guards alleged actions violated his Eighth Amendment right to be free from cruel and unusual punishment, as well as his rights under the Fourth, Fifth, and Fourteenth Amendments. (Id. at ¶¶ 29-34). In addition, Plaintiff claims that those Defendants in a supervisory capacity not only failed to supervise and control the guards' actions, but

---

[3] Chapin later died as a result of the injuries sustained in the altercation with Plaintiff. (ECF No. 8, Defendants' motion to dismiss, at ¶ 3).

2

"instigated, acquiesced in and were actively involved in said course of illegal conduct in violation of [Plaintiff's] constitutional rights." (Id. at ¶ 35). Plaintiff also claims that he was denied medical treatment after the alleged assault in violation of his Eight Amendment rights. (Id. at ¶¶ 38-41). Finally, Plaintiff claims that Defendant Crawford County had a custom and policy of allowing the "regular and ongoing violation of constitutional and civil rights of [CCCF] inmates including physical abuse" which resulted in the violation of Plaintiff's constitutional rights. (Id. at ¶¶ 44-55).

On July 30, 2012, Defendants filed a motion to dismiss [ECF No. 8], arguing that (i) CCCF should be dismissed because it is not a proper party under 42 USC § 1983; (ii) Plaintiff's claims of supervisory liability against Defendants Lewis and Saulsbery should be dismissed because he has failed to allege their personal involvement in the complained-of misconduct; (iii) Defendant Crawford County should be dismissed because Plaintiff has failed to adequately set forth a policy or custom that led to his injuries, and (iv) Plaintiff's claims are barred by his criminal conviction, as well as the Fourth Amendment's "objective reasonableness" standard. In addition, Defendants object to Plaintiff's failure to specifically identify the Defendants allegedly responsible for the actions of which Plaintiff complains and argue that Plaintiff's claims should either be dismissed on this basis or Plaintiff should be required to file a more specific complaint. Plaintiff has since filed a brief in opposition to Defendants' motion. (ECF No. 10). This matter is now ripe for consideration.

### B.  Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A

complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

4

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### C. Discussion

#### 1. Defendant CCCF

Defendants argue that Defendant CCCF should be dismissed from this action because it is not a proper party amenable to suit under 42 U.S.C. § 1983. The Court agrees. "In the Third Circuit, it is well-settled that a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., 2009 WL 650384 (E.D.Pa. 2009), aff'd 363 Fed. Appx. 917 (3d Cir. 2010) (listing cases). Thus, Defendant CCCF will be dismissed from this case.

#### 2. Supervisory Liability

Plaintiff alleges that "Defendants of supervisory capacity and authority not only failed to supervise or control prison guards involved in the course of physical assault upon the Plaintiff, but instigated, acquiesced in and were actively involved in said course of illegal conduct…." (ECF No. 1, Complaint, at ¶ 35). Plaintiff alleges further that the supervisory Defendants failed

to supervise or control their subordinates, failed to intervene to "terminate or forestall the course of illegal conduct upon the Plaintiff," and "violated their legal obligation to restore control to a tumultuous situation…." (Id. at ¶¶ 36-37).  Although Plaintiff fails to specify the Defendants against whom these allegations are made, the only Defendants that fit the description of supervisory officials are Defendants Lewis and Saulsbery, CCCF's Warden and Deputy Warden, respectively.  Defendants argue that Plaintiff's claims against these Defendants must be dismissed because he has failed to satisfactorily allege their personal involvement in the deprivation of Plaintiff's constitutional rights.  The Court disagrees.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).  Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct."  Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991).  The supervisor must be personally involved in the alleged misconduct.  Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988).  Section 1983 liability cannot be predicated solely on *respondeat superior*.  Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Here, Plaintiff's allegations that Defendants Lewis and Saulsbery failed to supervise, control, and/or intervene to terminate their subordinates' actions are insufficient to establish

their personal involvement; however, Plaintiff's further allegations that said Defendants "instigated, acquiesced in and were actively involved in" their subordinates' alleged course of illegal conduct are minimally sufficient to state a cognizable claim against them.  Although Defendants correctly point out that such allegations are somewhat conclusory and lack specificity, the Court is inclined to allow Plaintiff's claims against Defendants Lewis and Saulsbery to survive the pleadings stage.

### 3. Defendant Crawford County

Defendants argue that Plaintiff's claims against Defendant Crawford County should be dismissed because Plaintiff has failed to adequately set forth or identify any particular policy or custom attributable to Crawford County that allegedly led to Plaintiff's injuries.

Municipal liability under §1983 requires the plaintiff to prove the existence of a policy or custom that resulted in a constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694-95 (1978). Here, Plaintiff alleges that "[t]he deprivation and violation of the Plaintiff's constitutional rights … is the direct and proximate product of a systemic breakdown of the [CCCF] and constitutes an ongoing custom and policy of Crawford County under color of state law." (ECF No. 1, Complaint, at ¶ 46). In particular, Plaintiff claims that Defendant Crawford County "has exhibited a total absence of proper oversight and sanction of its employees at the [CCCF] as to deprivation of constitutional and civil rights of inmates, which thereby permitted and precipitated the occurrence of the violation of the constitutional and civil rights of [Plaintiff] in this instance." (Id. at ¶ 47). However, Plaintiff has not set forth any allegations of incidents that have occurred at CCCF in the past to prove some pattern of conduct that could establish a custom or policy of Crawford County that was the proximate cause of his injuries. See Pondexter v Allegheny County, 2012 WL 628494, at *6 (W.D.Pa. Feb 27, 2012). It is well-settled that a policy, custom or practice cannot arise from one incident, i.e., the alleged failure to protect

Plaintiff from being assaulted by the guards at CCCF.  See, e.g., Turner v. City of Philadelphia, 22 F.Supp.2d 434, 437 (E.D.Pa. 1998), quoting Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985)("Absent unusual circumstances, 'proof of a single incident of unconstitutional activity is not sufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker'").

Thus, Plaintiff's claims against Defendant Crawford County will be dismissed because they fail to state claims upon which relief may be granted, and Defendant Crawford County will be terminated from this case.

### **4.     Excessive Use of Force Claim**

Plaintiff claims that Defendants used excessive force against him in violation of his Fourth, Fifth, Eighth and Fourteenth Amendment rights. (See ECF No. 1, Complaint, at ¶ 30). As a preliminary matter, Plaintiff's attempt to state a Fifth Amendment claim is misguided and will be summarily dismissed, as the Fifth Amendment only applies to actions of the federal government.  With regard to Plaintiff's invocation of the Fourth Amendment, the Supreme Court has proclaimed that "[a]ll claims that law enforcement officers have used excessive force - deadly or not- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment." Graham v. Connor, 490 U.S. 386, 95 (1989); see also Brown v. Borough of Chambersburg, 903 F.2d 274, 277 (3d Cir.1990).  Such is not the case here, however, as Plaintiff was not a "free citizen" at the time of the incidents in question. As a result, Plaintiff's claim of excessive use of force under the Fourth Amendment is inappropriate and will be summarily dismissed, as well.

The question of whether Plaintiff's excessive use of force claim is properly brought under the Eighth or Fourteenth Amendment depends upon Plaintiff's institutional status at the time of the incident at issue. If Plaintiff was a pretrial detainee at the time of the incident, his excessive use of force claim would be treated as a due process claim under the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-539 (1979) (holding that the Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of excessive force that amounts to punishment). If, however, Plaintiff was not a pretrial detainee but was, rather, a convicted and sentenced inmate awaiting transfer to a state correctional institution, his excessive use of force claim would be governed by the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 327 (1986). Nonetheless, as a practical matter, the Third Circuit has determined that a § 1983 excessive use of force claim brought by a pretrial detainee under the Fourteenth Amendment Due Process Clause should be analyzed under the same standard as an excessive use of force claim brought under the Eighth Amendment. Fuentes, 206 F.3d at 346-47. Thus, Plaintiff's Fourteenth Amendment claim is essentially subsumed by his Eighth Amendment claim in any event.

"In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) 'the need for the application of force;' (2) 'the relationship between the need and the amount of force that was used;' (3) 'the extent of injury inflicted;' (4) 'the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them;' and (5) 'any efforts made to temper the severity of a forceful response.'" Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000), quoting Whitley, 475 U.S. at 321. The central question is "whether force was

9

applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Moreover, "a showing of 'significant' or 'serious' injury is not necessary to make an Eighth Amendment claim." Brooks, 204 F.3d at 107, quoting Hudson, 503 U.S. at 8.

Here, Defendants assert that Plaintiff's excessive use of force claim must be dismissed because he was ultimately convicted of involuntary manslaughter in the death of Corrections Officer Chapin, thus evidencing that Defendants' use of force was "objectively reasonable." This argument fails on many levels. First, Defendants' argument is based on the faulty premise that Plaintiff's excessive use of force claim is properly analyzed under the Fourth Amendment's "objective reasonableness" standard enunciated in Graham, supra, which is only applicable to law enforcement officers' use of force during an arrest or other "seizure" of a free citizen. Such is not the case here. Second, Plaintiff's actions that led to his conviction of involuntary manslaughter in the death of Corrections Officer Chapin bear no relation to Defendants' alleged use of excessive force against Plaintiff, which allegedly occurred after Plaintiff's altercation with Chapin had already concluded. Third, Defendants cannot otherwise show at this stage of the proceeding that their use of force against Plaintiff "was applied in a good-faith effort to maintain or restore discipline," rather than to "maliciously and sadistically" cause Plaintiff harm. Hudson, 503 U.S. at 7. For these reasons, Defendants' motion to dismiss Plaintiff's excessive use of force claim will be denied.

### 5. Failure to Specifically Identify Individual Defendants

Finally, Defendants argue that Plaintiff's claims against the individual Defendants should be dismissed because Plaintiff has failed to identify the alleged actions of each individual Defendant. As a result, Defendants assert that they are unable to ascertain with specificity which

claims are related to which of the individual Defendants and are, thus, unable to properly respond to the complaint. The Court agrees. Rather than dismissing Plaintiff's claims, however, the Court will order that Plaintiff file an amended complaint for the sole purpose of identifying, with particularity, the claim(s) he is asserting against each individual Defendant, and the actions of each Defendant that give rise to such claim(s).

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY G. BROWN,<br>      Plaintiff | )<br>)<br>) | C.A. No. 12-80 Erie |
| v. | )<br>) | Magistrate Judge Baxter |
| CRAWFORD COUNTY, et al.,<br>      Defendants. | )<br>) | |

## ORDER

AND NOW, this <u>1st</u> day of February, 2013,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 8] is granted in part and denied in part as follows:

1. The motion to dismiss Defendants CCCF and Crawford County is GRANTED and said Defendants are hereby terminated from this case;

2. The motion to dismiss Defendants Lewis and Saulsbery is DENIED;

3. Plaintiff's Fourth and Fifth Amendment excessive use of force claims are dismissed as improper, but Defendants' motion to dismiss Plaintiff's Eighth and Fourteenth Amendment excessive use of force claims is DENIED; and

4. Plaintiff is hereby ORDERED to file an amended complaint within twenty (20) days of the date of this Order for the sole purpose of identifying, with particularity, the claim(s) he is asserting against each individual Defendant, and the actions of each Defendant that give rise to such claim(s).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge